UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEDRICK J. WHITE,

Plaintiff,

v. Case No. 2:26-cv-2245-SPC-KRH

JUDGE BRUCE KYLE and
PUBLIC DEFENDER GABRIEL
KLEIN,

Defendant.
_______________________________/

**ORDER OF DISMISSAL**

Plaintiff Dedrick J. White, an inmate at the Lee County Jail, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Because White is a prisoner and seeks redress from an employee of a government entity, the complaint is before the Court on initial screening.[1]

Upon review, the Court concludes that this complaint must be dismissed because White has not stated a plausible § 1983 claim and seeks monetary damages from a defendant who is immune from such relief.

[1] Under 28 U.S.C. § 1915A, the Court is required to review before docketing or "as soon as practicable after docketing," a civil complaint where a prisoner seeks redress from "a governmental entity or officer or employee of a governmental entity" and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b).

## Discussion

Screening dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint may not rest on " 'naked assertions[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557

White makes no factual allegations in his complaint. He merely lists two defendants: Judge Kyle Bruce and Public Defender Gabriel Klein. (Doc. 1 at 3.) Because White's complaint offers no facts, it is axiomatic that he does not state a plausible claim against either of these defendants. Indeed, he fails to even identify a constitutional right or legal principle underlying his allegations.

Generally, where it appears that a more carefully drafted complaint might state a claim, we may order a *pro se* plaintiff to amend his complaint if he wants to proceed. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (explaining that a pro se plaintiff is generally granted at least one opportunity to amend a complaint). However, amendment would be futile here

because White seeks relief against entities who cannot be sued under § 1983. Therefore, the dismissal is without leave to amend. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (recognizing that a district court need not allow amendment of a complaint where amendment would be futile).

First, White sues Twentieth Judicial Circuit Court Judge Kyle Bruce. But "[j]udges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). Of note, "[a] judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.* (citation omitted). And "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Here, White does not allege that Judge Bruce Kyle was acting outside of his judicial capacity or without jurisdiction during his criminal proceedings. As a result, he is entitled to judicial immunity in this action.

White also sues Public Defender Gabriel Klein. To state a claim for relief under § 1983, White must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Hale v. Tallapoosa Cnty.*, 50

F.3d 1579, 1582 (11th Cir.1995). Next, he must allege that the act or omission was committed by "a person acting under color of state law." *Id.* However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (finding that the public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer"). Therefore, the public defender (or other appointed counsel) is not liable under § 1983 for any alleged civil rights violations stemming from his representation of White during criminal proceedings.

In short, White has not stated a plausible § 1983 claim and also "seeks monetary relief from a defendant who is immune from such relief." Both are grounds for dismissal under 28 U.S.C. § 1915A(b)(2).

Accordingly, it is now

**ORDERED**:

1. White's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.
2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on September 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record